**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BRIAN GROVES, on behalf of     :
himself and all others similarly    :
situated,                            :
                                 :
     Plaintiff,             :    CIVIL ACTION NO.
                                 :    1:14-CV-01796-RWS
v.                               :
                                 :
THE COCA-COLA COMPANY,    :
                                 :
     Defendant.         :
                                 :

## ORDER

This case comes before the Court on Defendant's Motion for a More

Definite Statement, or in the Alternative, Motion to Dismiss Plaintiff's

Complaint [5-1].  After a review of the record, the Court enters the following

Order.

### Background[1]

Plaintiff Brian Groves brings this action, on behalf of himself and a

nationwide class, against Defendant the Coca-Cola Company ("Coca-Cola"),

---

[1] As the case is before the Court on a Motion to Dismiss, the Court accepts as
true the facts alleged in the complaint.  Cooper v. Pate, 378 U.S. 546, 546 (1964).

claiming Defendant violated the Telephone Consumer Protection Act, 47

U.S.C. §§ 227 *et seq.*  (Compl. for Damages & Injunctive Relief Pursuant to the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*

("Compl."), Dkt. [1].)  At the core of Plaintiff's Complaint is his allegation that

Defendant contacted him through unsolicited SMS messages on his cellular

telephone.  (Id. ¶ 1.)

Plaintiff alleges that Defendant and its agents directed the mass

transmission of SMS messages to the cell phone numbers of customers or

potential customers nationwide.  (Id. ¶ 11.)  Plaintiff alleges that he received

these messages promoting the sale of Defendant's "Coke" products on his

wireless phone in or around 2012.  (Id. ¶ 12.)  Plaintiff claims that he did not

solicit these messages or consent to them; he further alleges that he replied the

word "STOP" to one of the SMS messages he received in an effort to end their

transmission to his cellular phone.  (Id. ¶ 14.)

Plaintiff brings this action under 47 U.S.C. § 227, alleging that the SMS

messages transmitted to Plaintiff's cellular telephone were placed via an

"automatic telephone dialing system" ("ATDS"), as defined in § 227(a)(1) and

as prohibited by § 227(b)(1)(A).  (Id. ¶ 15.)  Plaintiff alleges that these SMS

2

messages violate § 227(b)(1) because these messages were "calls" under the TCPA that were not made for emergency purposes, because Plaintiff incurred a charge for these incoming messages, and because Defendant did not receive Plaintiff's consent to send these messages.  (Id. ¶¶ 16-20.)

Plaintiff originally filed his Complaint in the Southern District of California on his own behalf, as well as on the behalf of a class "consisting of all persons within the United States who received any unsolicited SMS or text message call from Defendant or its agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which they were charged for the SMS or text messages, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(B)(1)(A)(3), which SMS or text messages by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint."  (Id. ¶ 22.)  On June 9, 2014, the U.S. District Court for the Southern District of California transferred this action to this Court, pursuant to 28 U.S.C. § 1404.  (Dkt. [19].)

Defendant now moves for a more definite statement, arguing that Plaintiff has failed to provide enough detail to satisfy the notice pleading

3

requirements of <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544 (2007),

and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  (Dkt. [5].)  In the alternative,

Defendant moves to dismiss.  The Court now considers Defendant's motion.

## Discussion

### I.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(e), "[a] party may move

for a more definite statement of a pleading to which a responsive pleading is

allowed but which is so vague or ambiguous that the party cannot reasonably

prepare a response." FED. R. CIV. P. 12(e).  Federal Rule of Civil Procedure

8(a)(2) requires that a pleading contain a "short and plain statement of the

claim showing that the pleader is entitled to relief."  While this pleading

standard does not require "detailed factual allegations," "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will

not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp.</u>

<u>v. Twombly</u>, 550 U.S. 544, 555 (2007)).   Additionally, a plaintiff should

include a "brief factual description" of the circumstances that surround the acts

upon which the plaintiff bases a claim for relief. <u>Parker v. Brush Wellman,</u>

<u>Inc.</u>, 377 F. Supp. 2d 1290, 1294 (N.D. Ga. 2005) (citing <u>Williams v. Lear</u>

4

Operations Corp., 73 F. Supp. 2d 1377, 1381 (N.D. Ga. 1999)).

## II.     Analysis

Defendant argues that "the bare-bones allegations of the Complaint are so vague and ambiguous that it is impossible for Coca-Cola reasonably to prepare a response."  (Def.'s Mot. for a More Definite Statement, Dkt. [5-1] at 2.)  Plaintiff contends in response that his Complaint is specific enough to notify the defendant of the substance of the claim being asserted.  (Pl.'s Resp., Dkt. [12] at 11.)  Plaintiff further suggests that Defendant seeks "additional details that can and should be sought during discovery."  (Id. at 13-14.)

The Court finds that Plaintiff must amend his Complaint to include additional allegations such that Defendant is better able to identify the messages at issue.  Defendant is entitled to allegations that are sufficiently supported by facts so that Defendant is able to admit or deny liability in its Answer.  Plaintiff should allege, if in his possession, additional facts such as: the time period during 2012 when he received the SMS messages; what the SMS messages said; the phone number from which the messages were sent; the phone number on which the messages were received; and why he believes that Defendant or its agents sent the messages at issue.  (See Def.'s Mot. for a More

5

Definite Statement, Dkt. [5-1] at 2.)

Accordingly, Defendant's Motion for a More Definite Statement is **GRANTED** and Plaintiff is hereby **ORDERED** to restate his Complaint so as to set forth a short and plain statement of his claims showing that he is entitled to relief from Defendant Coca-Cola. See FED. R. CIV. P. 8(a).

### Conclusion

For the foregoing reasons, Defendant's Motion for a More Definite Statement [5-1] is **GRANTED** and Defendant's Alternative Motion to Dismiss Plaintiff's Complaint [5-1] is **DENIED**. Plaintiff is **ORDERED** to file his Restated Complaint within fourteen (14) days of the date of entry of this Order.

**SO ORDERED**, this 26th day of May, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)